**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**JOEL JEREMIAH JOHNSON, #076-574-307**

        **Plaintiff**

**v.**

                                         **13-CV-288**

**DHS, ICE, MICHAEL PHILLIPS,
TODD TRYON, LT. CINOTTI, DO HALL,
and DO DODDY**

        **Defendants**

---

## DECISION AND ORDER

        Plaintiff, a detainee at the Buffalo Federal Detention Facility, commenced this action alleging that defendants violated the Americans with Disabilities Act and denied him adequate medical care when they failed to properly secure him and his wheelchair during transport and denied him adequate medical care following his fall from his wheelchair to the floor of the bus.  Dkt. #1.

        Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #7.   In support of his motion, plaintiff argues that the law library at the Buffalo Federal Detention Center is inadequate and his medical condition and ongoing pain from the incident underlying this action make it difficult to adequately represent himself. Dkt. #7.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.     Whether the indigent's claims seem likely to be of substance;

2.     Whether the indigent is able to investigate the crucial facts concerning his claim;

3.     Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.     Whether the legal issues involved are complex; and

5.     Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.*  Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a

claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

       In the instant case, the facts of plaintiff's claim are not complex and have been clearly presented to the Court by plaintiff.  This action is in its early stages, making it difficult to assess the merits of plaintiff's claim or the public benefit which could be achieved by the appointment of counsel.  Accordingly, plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

       **SO ORDERED.**

DATED:    Buffalo, New York
          July 1, 2013

                           ***s/ H. Kenneth Schroeder, Jr.***
                           H. KENNETH SCHROEDER, JR.
                           United States Magistrate Judge