**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JOEL JEREMIAH JOHNSON,**

                **Plaintiff,**

        **-v-**                                             **13-CV-0288A(Sr)**

**DHS/ICE, et al.,,**

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive matters. This matter is now before the Court on plaintiff's response to the Court's Order directing plaintiff to show cause why the complaint should not be dismissed as against certain defendants for his failure to serve said defendants (Docket No. 12) and plaintiff's motions for the appointment of counsel (Docket Nos. 16-17). For the following reasons, plaintiff is granted an enlargement of time, pursuant to Fed.R.Civ.P. 4(m), to serve the summons and complaint upon DHS/ICE, Michael Phillips and Todd Tryon, and plaintiff's motions for the appointment of counsel are denied without prejudice.

## PROCEDURAL BACKGROUND

Plaintiff, Joel Jeremiah Johnson, an immigration detainee at the Buffalo Federal Detention Facility (BFDF"), filed a *pro se* complaint under, *inter alia*, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971), and the Americans with Disabilities

Act ("ADA"), Title III, 42 U.S.C. § 12182 *et seq.*, against defendants, DHS/ICE (Department of Homeland Security, Immigration and Customs Enforcement),[1] Michael Phillips, ICE Local Field Office Director, Todd Tryon, Acting Facilities Director, Lieutenant Cinotti, Detention Officer Hall and Detention Officer Doddy. Plaintiff paid the filing fee and summonses were issued, and plaintiff proceeded to attempt to serve the summonses and complaint upon each defendant. Defendants Cinotti, Hall and Doddy have appeared in this action and their motion for summary judgment is pending but defendants DHS, ICE, Tryon and Phillips have not.

On July 25, 2013, the Court (Hon. William M. Skretny) issued an Order directing that plaintiff show cause why the complaint should not be dismissed as against DHS/ICE, Phillips and Tryon ("federal defendants")[2] based on plaintiff's failure to effect service upon said defendants pursuant to Fed.R.Civ.P. 4(m). Plaintiff responded to said Order by providing the Court with copies of "Proof[s] of Service." (Docket No. 12.) With respect to ICE, the Proof of Service indicates that on April 17, 2013, plaintiff served a "Supervisor," Mr. Delong, a person plaintiff claims was designated to accept service on behalf of ICE ; with respect to both DHS and Michael Phillips, the Proofs of Service indicate that plaintiff served them by mailing the summons and complaint by certified mail to Phillips on April 17, 2013; and with respect to Todd Tryon, plaintiff claims that he left the

---

[1] DHS/ICE is one defendant.

[2] The other defendants--Cinotti, Doddy and Hall--are employees of Valley-Metro Barbosa Group, a privately owned security company providing detention officers at BFDF under a contract with ICE. (Docket No. 13-4, Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, ¶ ¶ 1-2.)

summons and complaint with someone by the name of "Johwinker" or "Vohwinker" at the BFDF and that this individual was a person designated to accept service for Tryon. (*Id.*)

## DISCUSSION

### A. Service on Federal Agencies and Employees: Rule 4(i)

Pursuant to Fed.R.Civ.P. 4(i)(2), in order to serve a federal agency (DHS, ICE) or an employee sued in an official capacity, "a party must serve the United States[3] **and** also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee."

Pursuant to Fed.R.Civ.P. 4(i)(3), in order to serve an officer or employee sued individually (Phillips and Tryon) "for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued

---

[3]To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

3

in an official capacity), a party must serve the United States **and** also serve the officer or employee under Rule 4(e), (f), or (g)."[4]

Based on the Proofs of Service submitted by plaintiff, it is clear that defendants DHS/ICE, Phillips and Tryon have not been served properly pursuant to Rule 4(i)(2)-(3). First, there is no proof that plaintiff served the United States, pursuant to Rule 4I(i)(1), which is required for serving both an agency of the United States and an officer or employee sued in either or both his official or individual capacity. Fed.R.Civ.P. 4(i)(2)-(3). Specifically, there in no proof that (A) plaintiff "deliver[ed]" a copy of the summons and complaint to the United State Attorney for the Western District of New York or sent a copy of the summons and complaint by registered or certified mail to the civil process clerk at the United States Attorney's Office; and (B) sent a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Service on the United States as set forth in Rule 4(i)(1) is required for proper service

---

[4]Fed.R.Civ.P. 4(e), Serving an Individual Within a Judicial District of the United States, provides::

(**e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

on both a federal agency and an officer or employee. *Id.*, 4(i)(2)-(3). As to DHS/ICE and Phillips, the Proofs of Service indicate that plaintiff sent the summons and complaint by certified mail to Phillips. Plaintiff, however, did not serve the United States as required. As to Tryon, not only did plaintiff fail to serve the United States, *see* Fed.R.Civ.P. 4(i)(1)(A)-(B), he also failed to serve Tryon properly pursuant to Rule 4(e). There is no evidence that the individual plaintiff claimed to have "left" and "served" the summons and complaint on, Vohwinker or Johwiner, was an individual designated to accept service on behalf of Tryon. (Docket No. 12.) Accordingly, plaintiff has not established that he properly served any of the federal defendants.

### B. Enlarge Time to Serve Summons and Complaint: Rule 4(m)

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, "the court --on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court, however, "shall" extend the time for service for an appropriate period of time if the plaintiff shows "good cause" for the failure to serve the defendant within 120 days. Fed.R.Civ.P. 4(m). District courts also have discretion to enlarge the 120-day period even in the absence of good cause. *See Zapata v. City of New York*, 502 F.3d 192, 196-67 (2d Cir. 2007).

The Court notes that a prisoner or immigration detainee generally proceeds *in forma pauperis* in this Court and is therefore entitled automatically to service of the

summons and complaint by the United States Marshals Service. *See* Fed.R.Civ.P. 4(c)(3); 28 U.S.C. § 1915(d). In those situations, the plaintiff is entitled to rely on the Marshals Service to perfect service and "good cause" under Rule 4(m) is shown when plaintiff provides proper instructions to the Marshals Service--*i.e.*, properly identifies the defendant--to personally serve the summons and complaint upon the defendant and the Marshals Service fails to serve the defendant. *Romandette v. Weetabix*, 807 F.2d 309, 311 (2d Cir. 1986); *see also Murray v. Pataki*, 378 Fed.Appx. 50, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (citations omitted)).

For those *pro se* individuals not proceeding *in forma pauperis* and thus not entitled to Marshals Service automatically, they may seek an order from the Court directing the Marshals Service to serve the defendant(s) for a fee. *See* Fed.R.Civ.P. 4(c)(3). The granting of such an order is discretionary with the Court. It is the general practice of the Clerk of Court that at the time of filing of a complaint and paying of the filing fee, a *pro se* litigant is provided a Notice Regarding Service of Summons and Complaint pursuant to Rule 4(m) and a form motion requesting the Court to order Marshals Service. In this case, the Docker Report notes that summonses were issued to plaintiff and that he was forwarded the Clerk's Office's Notice. Plaintiff did not seek Marshals Service and

attempted to serve the summonses and complaints on his own.  He, however, failed to serve the federal defendants properly.

As noted, if service is not made within 120 days the Court shall dismiss the action without prejudice as to that defendant or "direct that service be effected within a specified time."  Fed.R.Civ.P. 4(m).  The Court shall enlarge the time to serve the summons and complaint upon a showing of good cause, and that the Court has discretion to enlarge the time in the absence of good cause.  While there is "an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . such protection 'does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .' "  *Sellers v. Royal Bank of Canada*, 2013 WL 1222668, at *1 (S.D.N.Y., March 21, 2013) (citing and quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Moreover, ignorance of the law, even on the part of a *pro se* litigant, is not "good cause" under Rule 4(m).  *Amnay v. Del Labs*, 17 F.Supp.2d 283, 285 (E.D.N.Y.2000).

Here, while plaintiff's ignorance of the manner in which he had to serve the federal defendants may not establish good cause under 4(m), the Court does have discretion to extend the time to serve the summons.  *Zapata*, 502 F.3d at 196; *see also DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 67 (S.D.N.Y., Feb. 9, 2010) ("A Court has discretion to grant an extension to serve process even absent a showing of good cause.")  In determining whether to exercise this discretion, the Court should consider the

7

following factors: " ' (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.' " *Jordan v. Forfeiture Support Associates*, 928 F.Supp.2d 588, 598 (E.D.N.Y., March 5, 2013) (quoting *Carroll v. Certified Moving & Storage, Co.*, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (internal quotation marks omitted)). The Court finds that a review of these factors weighs in favor of granting an enlargement of time under Rule 4(m).

The first factor is the only factor that weighs against enlarging plaintiff's time to serve the summons and complaint. The statute of limitations for plaintiff's Bivens and ADA claims is three years. *See Tapia–Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir.1999) (Bivens); *Chisholm v. United of Omaha Life Ins. Co.*, 514 F.Supp.2d 318 (D.Conn., 2007) (ADA, Title III).[5] Plaintiff's claims accrued on December 19, 2012, when he alleges that he was being transported from BFDF to ICE's offices in Buffalo, New York on an ICE bus and ordered to use a wheelchair he had not used before. The wheelchair did not contain proper safety equipment to secure its wheels on the bus and to strap plaintiff in the

---

[5]The Court notes that the facts alleged may support a tort claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § § 1346(b)(1); 2401(b), provided that the plaintiff presented [the claim] in writing to the appropriate Federal agency within two years after such claim accrues . . . ." *Id.*, § 2401(b). *See Accolla v. United States Government*, 381 Fed.Appx. 71, 2010 WL 2511566, at * (2d Cir. June 22, 2010) (Summary Order) ("The statute provides that 'a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....' An FTCA claim accrues at the time of the plaintiff's injury ....") (citiations omitted)).

Plaintiff has not set forth a claim under the FTCA in the complaint nor does he allege that he presented such a claim to DHS/ICE. As noted, the statute of limitations for presenting such an administrative claim with the applicable federal agency is two years from the date of the injury. See 28 U.S.C. § 2401(b).

8

wheelchair and that, upon the return trip to BFDF, defendant Hall was driving to fast and plaintiff fell out of the chair and struck his head and body thereby causing serious injury. (Docket No. 1, Complaint, at ¶ ¶ 8-10.) The statute of limitations has not expired and therefore if the complaint were to be dismissed against the federal defendants, plaintiff would still have an opportunity to re-file his claims against the federal defendants.

Second, while plaintiff did not properly serve the federal defendants, he did at least provide them or representatives of DHS/ICE with copies of the summons and complaint in different ways. He forwarded to Phillips, ICE's Field Officer Director, a copy of the summons and complaint by certified mail, and he provided to a "supervisor" at BFDF the summons and complaint on behalf of Tryon. It thus cannot be said that the federal defendants did not have notice of this claim. The third factor is not applicable or, at least, does not appear to be applicable. The fourth factor also supports granting an enlargement of time because while any defendant "will be burdened with the obligation to defend this lawsuit if the extension is granted, ... that does not rise to the level of prejudice necessary to tip the balance of this factor in [defendant's] favor." *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 WL 2424198, at *4 (E.D.N.Y. Aug. 6, 2009).

It is worth noting that while plaintiff's ignorance of Rule 4(i)'s requirements regarding service on a federal agency and officer or employee may not constitute good cause under 4(m), he did make what appears to be a good faith effort to serve the federal defendants. Accordingly, the Court finds that upon a review of the factors set forth above,

plaintiff is granted a 60-day enlargement of time to serve the summons and complaint upon the federal defendants.

### C. Motions for Appointment of Counsel

Plaintiff moves for the appointment of counsel and submits, *inter alia*, that he cannot afford an attorney and that the legal issues in his case are "very complicated." (Docket Nos. 16-17.) The Court find that, at this time, the appointment of counsel is not warranted.

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds that the appointment of counsel is not warranted at this time. As noted, plaintiff alleges that the defendants violated his constitutional rights and Title III of the ADA when he was transported in an unsafe manner and this caused him to fall out of a wheelchair. The claims are brought against both federal defendants and three employees of a private contractor. The private contractor employees have brought a motion for summary judgment on the bases that as employees of private contractors they are not subject to suit under Bivens, *see Minecci v. Pollard*, --- U.S. ---, 132 S.Ct. 671 (2012), and that the allegations of the complaint do not establish that Title III of ADA

applies to the facts of this case.  (Docket No. 13-3, Memorandum of Law).  Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

## CONCLUSION

For the foregoing reasons, (1) plaintiff is granted a **60-day** enlargement of time, pursuant to Fed.R.Civ.P. 4(m), to serve the summons and complaint upon defendants DHS/ICE, Michael Phillips and Todd Tryon as set forth in Fed.R.Civ.P. 4(I), and (2) plaintiff's motions for appointment of counsel (Docket No. 16-17) are denied.  Plaintiff is advised that if he does not properly serve the federal defendants within **60-days** of entry of this Decision and Order the complaint will be dismissed against them without prejudice.

The Clerk of the Court is directed to forward to plaintiff along with this Order the Clerk's Office's Notice Regarding Service of Summons and Complaint with Attached Request for U.S. Marshal Service.

**SO ORDERED.**

DATED:      Buffalo, New York
            December 18, 2013

                                     s/ H. Kenneth Schroeder, Jr.
                                     **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**